No. 22-50093

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

_____

UNITED STATES OF AMERICA, )
 )
 ) USDC No. CR-17-404-AB
Plaintiff-Appellee, )
 )
v. )
 )
JOHN RICHARD BRINSON, JR., )
 )
Defendant-Appellant. )
_____)

Appeal from the United States District Court
for the Central District of California
Honorable Andre Birotte, Jr., Judge Presiding

**APPELLANT'S REPLY BRIEF**

VERNA WEFALD
State Bar No. 127104
65 North Raymond Avenue, Suite 320
Pasadena, California 91103
Telephone: 626-577-2658
Email: verna@vernawefald.com

Attorney for Appellant John Brinson
By Appointment of the Court of Appeals

## TABLE OF CONTENTS

BRINSON'S LIFE SENTENCE IS SUBSTANTIVELY UNREASONABLE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# TABLE OF AUTHORITIES

## CASES

*United States v. Annoreno,* 713 F.3d 352 (7th Cir. 2013) . . . . . . . . . . . . 4

*United States v. Barthman,* 983 F.3d 318 (8th Cir. 2020) . . . . . . . . . . . 3

*United States v. Blinkinsop,* 606 F.3d 1110 (9th Cir. 2010) . . . . . . . . . . 3

*United States v. Eric B.,* 86 F.3d 869 (9th Cir. 1996) . . . . . . . . . . . . . . 1

*United States v. Lasky,* 592 F.2d 560 (9th Cir. 1979) . . . . . . . . . . . . . . 3

No. 22-50093

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | USDC No. CR-17-404-AB |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN RICHARD BRINSON, JR., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

## APPELLANT'S REPLY BRIEF

Appellant John Brinson respectfully submits his reply brief pursuant to Fed. R. App. P. 28 (c). Appellant does not respond to that which is adequately addressed in the opening brief. Any failure to address a specific issue in this optional reply brief is not a waiver or concession and no such inference should be made. *Cf. United States v. Eric B.,* 86 F.3d 869, 879 n.21 (9th Cir. 1996).[1]

---

[1] "ER" stands for Excerpts of Record. "AOB" stands for Appellant's Opening Brief. "GAB" stands for Government Answering Brief.

1

## BRINSON'S LIFE SENTENCE IS SUBSTANTIVELY UNREASONABLE

Brinson argued that his life sentence was substantively unreasonable because the district court failed to properly consider that he could be rehabilitated. The court said only that it would not take a "risk" that he might reoffend someday. (AOB at 26.) Brinson pointed out that the Department of Justice has concluded that offenders like hm can be successfully treated. (AOB at 26-27.) The government does not acknowledge this.

Brinson also emphasized that he was only 24 years old when he was arrested and had no prior record. The courts uniformly recognize that the brains of people under 25 are not fully developed. (AOB at 27-31.) The government asserts that "defendant was already a 24-year-old adult who knew that his conduct was wrong." (GAB at 47.) The government fails to address the caselaw cited that recognizes the scientific evidence that a 24 year old does not have a mature brain.

The issue is not whether Brinson's crimes are serious and should be punished accordingly. The issue is whether someone who commits such crimes before age 25 should spend the rest of his life in

2

prison with no hope of ever being released even if he should be fully rehabilitated. If the federal system still had parole for life sentences then a life sentence would not be unreasonable. Brinson could have demonstrated at some point in the future that he should be released.

It goes without saying that it is impossible to decide at this juncture whether someone who commits a serious crime at 24 can never be rehabilitated.

The government cites several cases where the appellate courts have upheld sentences for similar convictions by deferring to the district court concerning the likelihood of rehabilitation. (GAB at 40-41.) But those cases are inapposite.

In *United States v. Blinkinsop*, 606 F.3d 1110, 1114, 1117-1118 (9th Cir. 2010) the defendant was sentenced to 97 months. In *United States v. Lasky*, 592 F.2d 560, 563 (9th Cir. 1979) the defendant was sentenced to 7 years (for cocaine). In *United States v. Barthman*, 983 F.3d 318, 322 (8th Cir. 2020) the defendant was sentenced to 151 months to run concurrent to his state sentence. (See GAB at 40.)

In *United States v. Annoreno*, 713 F.3d 352, 359 (7th Cir. 2013) the defendant was sentenced to 480 months after the district court concluded he could not be rehabilitated. (See GAB at 40-41.) However, a sentence of 480 months for Mr. Brinson would have been substantively reasonable because he would only be 64 years of age when he finished serving his time.

## CONCLUSION

For the foregoing reasons, Mr. Brinson's life sentence must be reversed.

Date: June 15, 2023          Respectfully submitted,

/s verna wefald

VERNA WEFALD

Attorney for Appellant John Brinson

4

## CERTIFICATE OF COMPLIANCE

Pursuant to Ninth Circuit Rule 32(e)(4), I certify that the opening brief is proportionately spaced, has a typeface of 14 points or more, and contains 578 words.

Date: June 15, 2023　　　　Respectfully submitted,

　　　　　　　　　　　　/s/ Verna Wefald

　　　　　　　　　　　　VERNA WEFALD

　　　　　　　　　　　　Attorney for John Brinson